IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.   Crim. No. 00-1344 JP

MARCUS HAHN,

    Defendant.

## MEMORANDUM OPINION AND ORDER

On June 7, 2001, the Defendant filed Defendant's Objection to USSG §3A1.1 (Doc. No. 55).  On June 25, 2001, the USA filed a Brief of the United States on Concurrent Sentences Imposed in Conjunction with a Sentence Under 18 U.S.C. §924(c) (Doc. No. 132, filed in Crim. No. 00-82 JP).  The Defendant responded to that brief on July 2, 2001 (Doc. No. 60).  On June 26, 2001, the Defendant filed an Alternative Motion for Downward Departure (Doc. No. 54) and a Motion to Preclude Evidentiary Hearing (Doc. No. 57).

I held a sentencing hearing in this case on August 28, 2001 at which time I ruled on these pending motions.  Tom English and Georgiann Cerese represented the United States at the sentencing hearing.  Marc Robert and Kari Converse represented the Defendant who was present.

    A.  Defendant's Objection to USSG §3A1.1 (Doc. No. 55)

Section 3A1.1(b)(1) of the United States Sentencing Guidelines provides for a two level increase in the base offense level "[i]f the defendant knew or should have known that a victim of the offense was a vulnerable victim...."  Subsection (b) applies to offenses involving an "unusually" vulnerable victim.  Application Note 2.  I find that the USA did not show by a preponderance of the evidence that the Defendant knew or should have known that the victim

which is the object of this issue (Count XIV of the Indictment) was a vulnerable victim. Moreover, I find that the evidence was insufficient to demonstrate that the victim was "unusually" vulnerable when compared to the other victims in this case.  Defendant's Objection to USSG §3A1.1 (Doc. No. 55) is, therefore, well taken and sustained.

>B.  Brief of the United States on Concurrent Sentences Imposed in Conjunction with a Sentence Under 18 U.S.C. §924(c) (Doc. No. 132, filed in Crim. No. 00-82 JP)

The sentence in this case must run consecutively to the sentence in Crim. No. 00-82 JP. This conclusion is based on the plain language of 18 U.S.C. §924(c)(1)(D), its legislative history (1984 U.S.C.C.A.N. 3182, S. Rep. No. 225, 98th Cong., 2d Sess.), and the holding in *United States v. Gonzales*, 520 U.S. 1, 9-10 (1997)("When a defendant violates §924(c), his sentencing enhancement under that statute must run consecutively to all other prison terms.").

>C.  Alternative Motion for Downward Departure (Doc. No. 54)

The Defendant asks for a downward departure for the following reasons:  1) unexpected effect of consecutive sentences, 2) aberrational conduct leading to the §924(c) offense, and 3) post-offense rehabilitation.  The unexpected effect of the consecutive sentences is not an appropriate ground for a downward departure. *See United States v. Caldwell*, 219 F.3d 1186, 1195 (10th Cir. 2000)("a belief by the sentencing judge that the punishment set by the Commission is too severe ... may not be judicial grounds for departure.").  I also find that the factual record does not support a downward departure based on aberrational behavior.  In addition, the nature of the conduct leading to the §924(c) offense is not relevant to the sex offenses charged in this case.  Finally, I find that the Defendant's efforts at post-offense rehabilitation, while admirable and commendable, do not rise to the exceptional degree required to

justify a downward departure.  *See United States v. Jones*, 158 F.3d 492, 503 (10th Cir. 1998)(post-offense rehabilitation "may serve as the basis for departure only when present to some 'exceptional degree.'").  The Alternative Motion for Downward Departure (Doc. No. 54) is denied.

    D.  Motion to Preclude Evidentiary Hearing (Doc. No. 57)

Having viewed the eight-minute video tape that the USA presented at the sentencing hearing, I conclude that Defendant's Motion to Preclude Evidentiary Hearing (Doc. No. 57) is moot.

    IT IS ORDERED that:

    1.  Defendant's Objection to USSG §3A1.1 (Doc. No. 55) is sustained and a vulnerable victim enhancement of two offense levels will not be imposed;

    2.  the United States' request for consecutive sentencing (Doc. No. 132, filed in Crim. No. 00-82 JP) is granted;

    3.  Defendant's Alternative Motion for Downward Departure (Doc. No. 54) is denied; and

    4.  Defendant's Motion to Preclude Evidentiary Hearing (Doc. No. 57) is moot.

_____
CHIEF UNITED STATES DISTRICT JUDGE