**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

     Plaintiff,

     v.                                             Cr. No. 00-82 JAP &
                                                 Cr. No. 00-1344 JAP

MARCUS HAHN,

     Defendant.

**<u>MEMORANDUM OPINION AND ORDER</u>**

On November 11, 2019, Defendant Marcus Hahn filed a MOTION FOR STATUS CONFERENCE AND MOTION FOR RECONSIDERATION OF THIS COURT'S AMENDED JUDGMENT OR, IN THE ALTERNATIVE, MOTION TO CORRECT SENTENCE UNDER FEDERAL RULE OF CRIMINAL PROCEDURE 35(a) ("Motion").[1] Defendant seeks a sentence reduction following a successful habeas petition that vacated part of his sentence in Cr. No. 00-82 JAP. While this case has been extensively litigated in multiple district and circuit courts, the facts relevant to this Motion are relatively straightforward. The factual recitation below comes primarily from established findings of fact in previous unpublished decisions.

On December 31, 1999, Bernalillo County Sheriff's officers and federal law enforcement officers executed a search warrant at Defendant's residence in Sandia Park, New Mexico. *United States v. Hahn*, No. CR 00-1344 JP, 2006 WL 8444067, at *1 (D.N.M. May 1, 2006), *report and recommendation adopted* (June 27, 2006), *aff'd*, 261 F. App'x 90 (10th Cir. 2008). The officers seized a large number of marijuana plants, several loaded firearms, and several videotapes depicting Defendant performing sexual acts on minors, at least some of whom appeared to be drugged. *Id.*

---

[1] Defendant filed this Motion in Cr. No. 00-82 JAP as Doc. No. 202, and in Cr. No. 00-1344 JAP as Doc. No. 101.

On December 7, 2000, in Cr. No. 00-82 JAP, a jury convicted Defendant of manufacturing 100 or more marijuana plants and of opening and maintaining a place for the purpose of manufacturing, distributing and using marijuana (Counts 1 and 2).[2] *United States v. Hahn*, No. CR 00-82 JP, 2004 WL 7338137, at *1 (D.N.M. Mar. 30, 2004), *subsequently aff'd*, 191 F. App'x 758 (10th Cir. 2006). The jury also convicted Defendant of possessing a fireman in furtherance of the manufacture of marijuana in violation of 18 U.S.C. § 924(c) (Count 3) and of possessing a fireman in furtherance of the maintenance of a place to manufacture, distribute and use marijuana also in violation of 18 U.S.C. § 924(c) (Count 4). *Id.*

On October 4, 2000, in Cr. No. 00-1344 JAP, a federal grand jury indicted Defendant on charges including sexual exploitation of children (Counts 1–6), interstate transportation of child pornography (Counts 7–9), possession of child pornography (Counts 10–11), and distribution of a controlled substance without the knowledge of the recipient with the intent to commit a crime of violence against the recipient (Counts 12–16). *Hahn*, No. CR 00-1344 JP, 2006 WL 8444067, at *1.[3] Count 17 sought criminal forfeiture of certain property. *Id.* Defendant initially pleaded not guilty to all counts. *Id.* The Court initially set trial in 00-1344 for February 5, 2001, but later continued the trial date to May 7, 2001. *Id.* at *3. In the interim, Defendant and the United States reached a plea agreement which they presented to the Court at a change of plea hearing on March 22, 2001. *Id.* In accordance with the plea agreement, Defendant pleaded guilty to Counts 3, 4, 5, 6, 15, and 16, and no contest as to Count 14. *Id.* at *1. Defendant also waived his right to appeal the sentence. *Id.* The United States then withdrew the remaining charges. *Id.*

At the change of plea hearing, the Court asked the parties how Defendant's recent conviction in 00-82 would affect sentencing in 00-1344. *Id.* at *4. The United States responded

---

[2] The Court will refer to Cr. No. 00-82 JAP, the marijuana and firearms case, as "00-82."
[3] The Court will refer to Cr. No. 00-1344 JAP, the sexual abuse case, as "00-1344."

that under the sentencing guideline calculations, the conviction in 00-82 would give Defendant one criminal history point, in addition to a point attributable to a prior misdemeanor conviction. *Id*. Defendant requested that the sentencing in 00-1344 be done first, or that the two sentencings be done simultaneously, to avoid the additional criminal history impact of Defendant's conviction in 00-82. *Id*. The United States did not object, and the Court ordered that sentencing hearings be set in both cases on the same date. *Id*. Neither party at this point raised the issue of mandatory consecutive sentences as between the two cases. *Id*.

The Court originally set a consolidated sentencing hearing in both cases on June 6, 2001. *Id*. at *1. At the hearing, the Court and the parties engaged in extensive discussion as to whether the sentence in 00-1344 would run concurrently or consecutively to the sentence in 00-82. *Id*. The Court wanted more time to study the mandatory consecutive sentences issue and stated "I don't intend to complete the sentencing today" in 00-1344. *Id*. at *6. The Court proceeded with sentencing in 00-82 and asked the parties to do some additional research on the issue of the Court's discretion to impose consecutive or concurrent sentences in 00-1344 under 18 U.S.C. § 924(c). *Id*. In 00-82, the Court imposed a 60-month mandatory sentence for the drug crimes (Counts 1–2), a 120-month mandatory consecutive sentence for the first § 924(c) gun violation (Count 3), and a 300-month mandatory consecutive sentence for the second gun violation (Count 4) for a total sentence of forty years.[4] *Id*. at *1. The Court continued the sentencing hearing in 00-1344 to allow counsel to brief the issue of whether mandatory consecutive sentences were proper. *Id*. at *6.

The Court reconvened the sentencing hearing in 00-1344 on August 28, 2001. *Id*. The Court announced its decision to impose mandatory consecutive sentences. *Id*. The Court explained, "[a]fter reviewing all of the relevant law and the parties' briefs on the case, it's my conclusion that

---

[4] The Court entered the final judgment for 00-82 on July 12, 2001. *See* Doc. No. 133.

I have no alternative but to order that [the sentence in 00-1344] be imposed as a consecutive sentence." *Id*. The Court then turned to Defendant's motion for a downward departure, which was based in part on the "unexpected effect of consecutive sentences[.]" *Id*. The Court ultimately denied the motion. *Id*. After discussion of the Defendant's appellate waiver, the Court pronounced the sentence in 00-1344. *Id*. at *7. The Court sentenced Defendant to: (1) a term of 240 months on each of the counts to which he pleaded guilty, with those sentences to run concurrently, and (2) an additional fifty-two months on the count to which he pleaded no contest. *Id*. at *2. The total sentence in 00-1344 was 292 months, or roughly twenty-four years, consecutive to the forty-year sentence in 00-82. *Id*.

Many years (and many appeals) later, correctional officials transferred Defendant to a facility in South Carolina, where he is currently detained. *See Hahn v. Moseley*, 931 F.3d 295, 300 (4th Cir. 2019). On September 23, 2016, Defendant filed a habeas petition under 28 U.S.C. § 2241 in the United States District Court for the District of South Carolina. *Id*. Defendant argued that due to changes in Tenth Circuit law with respect to 18 U.S.C. § 924(c), he was legally innocent of Count 4, the second gun charge in 00-82. *Id*. The District Court of South Carolina denied the petition, and Defendant appealed to the Fourth Circuit Court of Appeals. *Id*. The Fourth Circuit granted the petition, reversed the district court decision, and remanded with instructions to vacate Defendant's 300-month sentence on Count 4. *Id*. at 304. On October 15, 2019, the District Court of South Carolina entered an order as follows:

> Pursuant to the directions given by the United States Court of Appeals for the Fourth Circuit, it is hereby ordered that Defendant's conviction on Count IV alleging a violation of 18 U.S.C. § 924(c)(1)(A) is hereby vacated, along with the 300-month sentence imposed in connection with that conviction. The remaining convictions, and the sentences associated with them, remain in place, resulting in a sentence of 60 months on Count 1, a concurrent 27-month sentence on Count 2, and a consecutive 120-month sentence on Count 3, for a total custodial sentence of 180 months. All other aspects of the original sentence remain in place. Accordingly, the Clerk of Court shall send a certified copy of this Order to the sentencing court

in the District of New Mexico and it may issue an amended judgment in accordance with this Order.

ORDER, C/A No. 9:16-3235-JFA-BM, (Doc. No. 59). In response, this Court issued an amended judgment sentencing Defendant to 180 months in 00-82. *See* AMENDED JUDGMENT (Doc. No. 196). Defendant requested clarification regarding the Order entered in the District of South Carolina on October 15, 2019. On November 4, 2019, the District Court of South Carolina entered another order as follows:

> On October 15, 2019, pursuant to the instructions given by the United States Court of Appeals for the Fourth Circuit, this Court directed the sentencing court in the District of New Mexico to vacate Petitioner's conviction on Count IV alleging a violation of 18 U.S.C. § 924(c)(1)(A) and his 300-month sentence in connection with that conviction. (ECF No. 59). On October 24, 2019, Petitioner requested clarification of this Court's previous Order. (ECF No. 59). To clarify, this Court (1) grants Petitioner's Petition for habeas corpus, (2) vacates his conviction and sentence for Count IV, (3) allows the sentencing court in the District of New Mexico to issue an amended judgment in accordance with this Court's Order (ECF No. 59), and (4) this Court does not preclude the sentencing court in the District of New Mexico from exercising its discretion to resentence the Petitioner de novo under the "sentencing package" doctrine. Accordingly, the Clerk of Court shall send a certified copy of this Order to the sentencing court in the District of New Mexico.

ORDER, C/A No. 9:16-3235-JFA-BM, (Doc. No. 62).

Defendant then filed the present Motion. On November 25, 2019, the Court held a status conference to discuss Defendant's requested relief. Defendant asks that the Court reconsider Defendant's sentences, both in 00-82 and 00-1344, under the "sentencing package" doctrine. Mot. at 5. In the alternative, Defendant requests that the Court correct the amended judgment in 00-82 under Federal Rule of Criminal Procedure 35(a). *Id.* at 5, n.2.

### Rule 35(a) Applicability

The Court will first consider Defendant's request under Federal Rule of Criminal Procedure 35(a), which provides, "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a).

Relief under Federal Rule of Criminal Procedure 35(a) is available sparingly. A court's authority under Federal Rule of Criminal Procedure 35(a) is "intended to be very narrow and to extend only to those cases in which an obvious error or mistake has occurred in the sentence." *United States v. McGaughy*, 670 F.3d 1149, 1158 (10th Cir. 2012) (quoting Fed. R. Crim. P. 35 Advisory Comm. Notes). The rule:

> is not intended to afford the court the opportunity to reconsider the application or interpretation of the sentencing guidelines or for the court simply to change its mind about the appropriateness of the sentence. Nor should it be used to reopen issues previously resolved at the sentencing hearing through the exercise of the court's discretion with regard to the application of the sentencing guidelines.

Fed. R. Crim. P. 35 Advisory Comm. Notes. The requested relief falls outside the scope of Federal Rule of Criminal Procedure 35(a) because any "correction" to the sentences is based on substantive, not technical, issues. Defendant has also not identified how the 180-month calculation is based on "clear error." *See* Fed. R. Crim. P. 35(a).[5] Accordingly, the Court will deny Defendant's request for relief under Federal Rule of Criminal Procedure 35(a).

### Motion to Reconsider

Although the Federal Rules of Criminal Procedure do not expressly authorize a motion for reconsideration, "motions to reconsider in criminal prosecutions are proper." *United States v. Randall*, 666 F.3d 1238, 1241–42 (10th Cir. 2011) (quoting *United States v. Rollins*, 607 F.3d 500,

---

[5] Counsel for Defendant also conceded this argument at the November 25, 2019, hearing. *See* TRANSCRIPT OF PROCEEDINGS MOTION FOR STATUS CONFERENCE AND MOTION FOR RECONSIDERATION OF THIS COURT'S AMENDED JUDGMENT OR, IN THE ALTERNATIVE, MOTION TO CORRECT SENTENCE UNDER FEDERAL RULE OF CRIMINAL PROCEDURE 35(a) ("Transcript") at 21 ("THE COURT: And let me ask you first, because I forgot to do this earlier, how is it that you think that Federal Rule of Criminal Procedure 35(a) gives me authority to reconsider the sentence?
MR. KREISBERG: We provided Rule 35(a) as an option for the Court, and we were within the 14 days after the amended judgment had been issued. I think that there might be some difficulties with fitting this unique circumstance into the language of Rule 35. In our view, the best procedural course at this point is to simply reconsider the amended judgment, put that on hold for now. Of course, if at the end of a resentencing proceeding the Court thought the amended judgment was still the correct course, it could reissue the amended judgment at that time. So that's how we think that the procedural course should work at this point.
THE COURT: So you're kind of dropping Rule 35(a), are you?
MR. KREISBERG: We think a motion for reconsideration is the proper procedural course at this point.").

502 (7th Cir. 2010)). Either party may move for reconsideration of a judgment. *Randall*, 666 F.3d at 1242. Courts treat a motion for reconsideration filed more than ten days after entry of judgment as a Federal Rule of Civil Procedure ("Rule") 60(b) motion. *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Rule 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). District courts "have substantial discretion to grant relief as justice requires under Rule 60(b)." *Amoco Oil Co. v. U.S. E.P.A.*, 231 F.3d 694, 697 (10th Cir. 2000) (quoting *FDIC v. United Pac. Ins. Co.*, 152 F.3d 1266, 1272 (10th Cir. 1998)). Such relief "is extraordinary and may only be granted in exceptional circumstances." *Amoco Oil Co.*, 231 F.3d at 697 (quoting *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co.*, 909 F.2d 1437, 1440 (10th Cir. 1990)).

Defendant filed his Motion fourteen days after the entry of the Amended Judgment, so the Court will treat it as a Rule 60(b) motion. Because of the unique nature of habeas corpus proceedings, courts may construe a Rule 60(b) motion as a 28 U.S.C. § 2255 habeas petition if the motion "assert[s] or reassert[s] a federal basis for relief from the underlying conviction[.]" *Spitznas v. Boone*, 464 F.3d 1213, 1216 (10th Cir. 2006). If the motion "challenges only the federal habeas court's ruling on procedural issues[, it] should be treated as a true 60(b) motion rather than a [habeas] petition." *Id.* Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), criminal defendants may file post-judgment habeas petitions once before needing appellate authorization for second or successive petitions. *See* 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(3)(a) ("Before a second or successive application permitted by this section is filed in the district court,

the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). Thus, a second or successive habeas challenge in the form of a Rule 60(b) motion requires appellate authorization to proceed in district court. *See Spitznas*, 464 F.3d at 1216. Without appellate authorization, the district court "does not have jurisdiction to address the merits" of any second or successive habeas petition. *In re Cline*, 531 F.3d 1249, 1251. If a defendant presents a district court with an unauthorized habeas petition, "the district court may transfer the matter to [the circuit court] if it determines it is in the interest of justice to do so under [28 U.S.C.] § 1631, or it may dismiss the motion or petition for lack of jurisdiction." *Id*. at 1252.

Under *Spitznas*, the Court must determine whether the Motion is truly a Rule 60(b) motion, or a disguised § 2255 habeas petition. The Motion seeks to amend a final judgment to obtain a new sentence on substantive grounds, not merely procedural defects. *See* Mot. at 2 ("Because Mr. Hahn's original sentence was draconian, because the sentence was issued prior to *United States v. Booker*, 543 U.S. 220 (2005), and because Mr. Hahn has turned his life around during the nearly 20 years of incarceration, this Court should hold a *de novo* resentencing . . . ."). Defendant does not assert that the Amended Judgment is defective, or that there was a procedural defect in the District of South Carolina's issuance of its October 15, 2019 Order or its November 4, 2019 Order. In essence, Defendant asks the Court to "vacate and set the judgment[s] aside and . . . resentence him . . . or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). The Court characterizes the Defendant's ground for this challenge as substantive. Accordingly, the Court construes the Motion as a § 2255 habeas petition, not a true Rule 60(b) motion.

Given the unusual posture of these two cases, the Court must address the Motion in each case separately. In 00-82, the District of South Carolina vacated part of Defendant's sentence. *See* ORDER, C/A No. 9:16-3235-JFA-BM. In response, this Court issued an Amended Judgment that left in place all of Defendant's original sentence except the sentence of 300-months on Count 4.

*See* Amended Judgment. The Amended Judgment allows Defendant the opportunity to file a new § 2255 petition because the bar to second or successive petitions does not apply when a court vacates part of a conviction and enters a new judgment. *See In re Weathersby*, 717 F.3d 1108, 1111 (10th Cir. 2013) (holding that motion to reopen a federal sentence based on the vacatur of an underlying state conviction is not "second or successive"). The Court did not hold a resentencing hearing addressing Defendant's arguments before issuing the Amended Judgment. Because the Court has not addressed those arguments, the Court will grant the Motion with respect to 00-82 to accommodate post-vacatur resentencing.

With respect to 00-1344, the Motion faces significant hurdles. The District Court of South Carolina made no modifications to Defendant's convictions in 00-1344. Defendant nonetheless asks the Court to bundle these two cases together and to reopen the sentences in both cases. *See* Mot. at 5–6. The Court has already concluded that the Motion, which was filed in both cases, is equivalent to a § 2255 petition. In 2005, Defendant filed a § 2255 petition attacking the most recent judgment in 00-1344. *See* APPLICATION FOR A WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2255 BY A PERSON IN FEDERAL CUSTODY (Doc. No. 82). This previous petition makes the Motion a second or successive petition, and without Tenth Circuit approval, the Court lacks jurisdiction to decide its merits. *See Spitznas*, 464 F.3d at 1216. Unlike 00-82, the conviction in 00-1344 has not changed since the Court entered judgment in 2001, and there is no amended judgment that would reset the bar to second or successive habeas petitions. Without the necessary authorization from the Tenth Circuit, which Defendant has not yet sought, the Court will dismiss the Motion with respect to 00-1344 for lack of jurisdiction.

**Mootness Issues with 00-82**

The United States asserts that Defendant's resentencing argument in 00-82 is moot because Defendant has already served the 180 months remaining on that sentence after the District Court

of South Carolina vacated his conviction on Count 4.[6] United States' Resp. at 7. Though Defendant has now completed his sentence in 00-82, the issues related to that sentence are not moot because of their effect on the sentence and release date in 00-1344. The sentence in 00-1344 runs consecutively to the sentence in 00-82. Any change in the sentence in 00-82 will affect the sentence in 00-1344. This "collateral consequence" is enough to make resentencing in 00-82 a live controversy. *See Prost v. Anderson*, 636 F.3d 578, 582 n. 3 (10th Cir. 2011) (noting that prisoner's challenge to conviction was not mooted by his release from incarceration "because the Court is 'willing to presume' that the fact of conviction 'has continuing collateral consequences.'"); *see also United States v. Chavez-Palacios*, 30 F.3d 1290, 1293 (10th Cir. 1994) (rejecting mootness argument in defendant's appeal of sentence even after the defendant had completed his sentence).

## Scope of Resentencing

Defendant argues that the Court could reconsider the remaining counts in 00-82, as well as the sentence in 00-1344, under the "sentencing package doctrine." Mot. at 6. Defendant asserts that because the Court held consolidated sentencings in the two cases, the Court should reconsider sentences in both cases in their entirety. *Id.* at 5. The Court agrees that resentencing on Counts 1 and 2 in 00-82 is authorized. But the Court concludes the limitations of 28 U.S.C. § 2255 preclude resentencing in 00-1344.

Under the "sentencing package" doctrine, after an appellate court vacates a conviction that is part of a multi-count indictment, district courts "possess[] the inherent discretionary power" to resentence a defendant on the remaining counts. *United States v. Hicks*, 146 F.3d 1198, 1202 (10th Cir. 1998) (quoting *United States v. Moore*, 83 F.3d 1231, 1235 (10th Cir. 1996)). District courts may resentence the defendant *de novo* unless the remand imposes specific limits on the district

---

[6] A 180-month sentence running from June 2001, without any good time adjustments, would have ended in approximately June 2016.

court's authority, even if the defendant did not challenge the remaining convictions. *Hicks*, 146 F.3d at 1202. As the Tenth Circuit explained in *Hicks*:

> When a defendant is convicted of more than one count of a multicount indictment, the district court is likely to fashion a sentencing package in which sentences on individual counts are interdependent. When, on appeal, one or more counts of multicount conviction are reversed and one or more counts are affirmed, the result is an "unbundled" sentencing package. Because the sentences are interdependent, the reversal of convictions underlying some, but not all, of the sentence renders the sentencing package ineffective in carrying out the district court's sentencing intent as to any one of the sentences on the affirmed convictions.

> Thus . . . [upon remand] the district court ha[s] the authority to reevaluate the sentencing package . . . and resentence the defendant to effectuate the original sentencing intent.

*Id.* (quoting *United States v. Shue*, 825 F.2d 1111, 1114 (7th Cir. 1987)). Where the sentences result in "one unified term of imprisonment," a court can revisit the sentence in its entirety. *United States v. Easterling*, 157 F.3d 1220, 1224 (10th Cir. 1998) (quoting *United States v. Smith*, 103 F.3d 531, 535 (7th Cir. 1996)). With respect to multicount indictments with a § 924(c) charge, "the § 924(c) offense and the underlying offense are interdependent and result in an aggregate sentence, not sentences which may be treated discretely." *United States v. Mendoza*, 118 F.3d 707, 710 (10th Cir. 1997) (quoting *United States v. Davis*, 112 F.3d 118, 121 (3d Cir. 1997)). The Tenth Circuit in *Hicks* emphasized the "particular[] . . . need for resentencing in the context of appeals involving the mandatory consecutive five-year sentence imposed under 18 U.S.C. § 924(c)(1) because 'vacating that portion of the sentence radically changes the sentencing package.'" *Hicks*, 146 F.3d at 1202 (quoting *Smith*, 103 F.3d at 534).

All of the same characteristics of 00-82 are present in these "sentencing package" cases. Like *Hicks*, 00-82 is a multicount indictment with § 924(c) charges and underlying felonies. Count 4 of 00-82, one of the § 924(c) charges, is interdependent of its underlying felony, Count 2. The sentences in Counts 1–3 also ran consecutively to the sentence in Count 4. The sentence in 00-82,

in its entirety, was one aggregate sentence and one "unified term of imprisonment." *See Easterling*, 157 F.3d at 1224. The remaining counts, Counts 1–3, fall clearly into one sentencing package. The District Court of South Carolina "unbundled" the aggregate sentence in 00-82 by vacating Count 4, potentially undermining the Court's original sentencing intent for the overall sentence. The Court should have the opportunity to address whether a new sentence is appropriate given the changes in 00-82. Under the sentencing package doctrine, resentencing on the remaining counts of 00-82 is proper.

The Tenth Circuit, however, has not addressed the extent to which sentences on charges in one case may be "related" or "interdependent" enough to bring them within the ambit of another case's sentencing package. Defendant argues that because the sentence in 00-1344 runs consecutively to the sentence in 00-82, and the two cases had related sentencing hearings, 00-1344 and 00-82 are part of the same overall sentencing package. *See* Mot. at 5–6. The United States contends that the sentencing package doctrine applies only to resentencing on the remaining counts in 00-82, but not on the convictions in 00-1344. *See* UNITED STATES RESPONSE IN OPPOSITION DEFENDANT'S MOTION ("United States' Response") (Doc. No. 206) at 4. The Tenth Circuit has not expressly defined the scope of resentencing in a situation like this. It merely has said that "after a successful post-conviction attack on a sentence, the court may reconsider the sentence imposed on *related* counts." *Ward v. Williams*, 240 F.3d 1238, 1244 (10th Cir. 2001) (emphasis added). But the Tenth Circuit has not defined the extent of relation needed. The Court need not address this issue here, however, because the bar to habeas relief precludes the Court from reopening the sentence in 00-1344.

Defendant cites to two out-of-circuit cases to support his position, *Haynes v. United States*, No. 615CV1392ORL28GJK, 2018 WL 4185707, at *1 (M.D. Fla. Aug. 31, 2018), and *United States v. Fagan*, 996 F.2d 1009, 1011 (9th Cir. 1993). Neither case is instructive here.

In *Haynes*, the United States charged the defendant with two separate drug crimes in two separate cases. *Haynes*, 2018 WL 4185707, at *1. The court "managed the cases together, though they were never formally consolidated." *Id*. At sentencing, the court "sentenced Mr. Haynes for all offenses in both cases at the same time, and the convictions in both cases were reflected *in the same judgment*." *Id*. at *8 (emphasis added). After the defendant successfully appealed part of one conviction, on remand, the court applied the sentencing package doctrine to resentence both cases together. *Id*. *Haynes* does not apply here because there was only one judgment that was challenged, not two separate judgments.[7] The *Haynes* Court did not confront the same habeas bar that the Court faces here, where a case with its own distinct judgment is involved.

*Fagan* is factually similar to the case here,[8] though it is of little utility to the Court because it preceded the enactment of the AEDPA habeas limitations. Defendant has not identified any post-AEDPA authority that supports the Court reopening both 00-82 and 00-1344. Given the restrictions of 28 U.S.C. § 2255, the Court must respect the finality of its previous judgment in 00-1344.

IT IS THEREFORE ORDERED that:

(1) Defendant's MOTION FOR STATUS CONFERENCE AND MOTION FOR RECONSIDERATION OF THIS COURT'S AMENDED JUDGMENT OR, IN THE

---

[7] This District has addressed a similar issue in *United States v. Christy*, No. CR 10-1534 JB, 2016 WL 9777167, at *10 (D.N.M. May 5, 2016), *report and recommendation adopted*, No. CIV 15-0881 JB/LAM, 2016 WL 4491856 (D.N.M. June 30, 2016), *order clarified*, No. CR 10-1534 JB, 2018 WL 502487 (D.N.M. Jan. 19, 2018). The multicount sentence at issue in *Christy*, however, fell under one judgment. *Id*. The court noted that "[i]t is not entirely clear whether the [sentencing package doctrine] would apply to simply 'related' convictions that resulted in consecutive sentences, or whether it is limited to consecutive sentences on convictions that are 'interdependent.'" *Id*. at *7, n. 13. The court declined to address this issue because the court concluded that the defendant's convictions did not run consecutively and were not related enough to employ the sentencing package doctrine. *Id*. The Court today will similarly decline to address this issue.

[8] In *Fagan*, the United States indicted the defendant on drug charges in March 1988 in one case, then indicted him again in front of a different judge in April 1988 on new, unrelated drug charges. *Fagan*, 996 F.2d at 1011. The two judges entered two separate judgments with sentences that ran consecutively to each other. *Id*. The Ninth Circuit vacated the sentence in one of the cases on appeal. *Id*. at 1018. The Ninth Circuit remanded the unchallenged case for resentencing in light of the vacation of the conviction in the other case. *Id*.

ALTERNATIVE, MOTION TO CORRECT SENTENCE UNDER FEDERAL RULE OF CRIMINAL PROCEDURE 35(a) is GRANTED with respect to Cr. No. 00-82 JAP (Doc. No. 202), and DENIED with respect to Cr. No. 00-1344 JAP (Doc. No. 101).

(2) A resentencing hearing in Cr. No 00-82 JAP is scheduled on April 1, 2020 at 1:30 p.m., at the U.S. Courthouse, 333 Lomas Blvd. N.W., Third Floor, Pecos Courtroom..

_____
SENIOR UNITED STATES DISTRICT JUDGE